IN THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARION CARTER**                                                **PLAINTIFF**

vs.                              Case No. 4:18-cv-29-SWW

**PULASKI COUNTY SPECIAL**
**SCHOOL DISTRICT**                                    **DEFENDANT**

## *COMPLAINT*

Plaintiff Marion Carter, for her Complaint against Defendant Pulaski County Special School District (PCCSD), states the following:

*This case assigned to District Judge Wright and to Magistrate Judge Kearney*

### I.     Jurisdiction and Venue

1. Plaintiff is a resident of Pulaski County, Arkansas.

2. Defendant is a school district located in Pulaski County, Arkansas, and is a political subdivision with power to sue and to be sued and power to contract and to be contracted with pursuant to Ark. Code Ann. § 6-13-102(a).

3. This Court's subject matter jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is appropriate in the Eastern District of Arkansas.

### II.     Factual Background

4. Since 2010, Plaintiff has been employed with the PCCSD where she teaches math and Joe T. Robinson High School ("Robinson"). She also served as coach of the dance and cheer teams until 2017.

1

5. On March 28, 2017, Robinson Principal Mary Carolyn Bailey, who is white, recommended that Plaintiff's supplemental contract for coaching the dance and cheer teams not be renewed for 2017-18. The reasons given for this recommendation were:

(a) a lack of participation over the past two years;

(b) inappropriate cheer routines at sporting events; and

(c) inappropriate behavior of cheerleaders during out of town travel.

6. On April 18, 2017, Dr. Jerry D. Guess, the then Superintendent of the PCSSD, recommended the nonrenewal of Plaintiff's supplemental contract based upon the same reasons given by Bailey. Guess is a white male.

7. Plaintiff requested a hearing before the school board under the Arkansas Teacher Fair Dismissal Act. On August 8, 2017, the PCSSD board heard Guess's recommendation for nonrenewal, which Plaintiff vigorously contested. The board voted to accept Guess's recommendation.

8. Regarding the issue of the number of students trying out for the dance and cheer teams, Bailey testified at the hearing that she never informed Plaintiff about her expectations for the number of participants on each team. She also presented no proof that the number of participants had been greater before 2015-16. In addition, Plaintiff managed to maintain a similar level of participants as in previous years even though 9th graders had been removed from her instruction and made into a separate cheer team.

9. The incident regarding out of town travel occurred at a restaurant on February 15, 2016. This reason for non-renewing Plaintiff's contract for 2017-18 does not withstand scrutiny. Plaintiff's cheerleaders allegedly were disorderly and disrespectful to the restaurant's staff. According to Plaintiff and her cheerleaders, the cheerleaders were mistreated by the same

2

staff and were neither disorderly nor disrespectful. Bailey failed to conduct an investigation. She did not review the video of the alleged incident or take statements from any witnesses critical of the cheerleaders' conduct. Bailey also ignored statements in support of Plaintiff and her cheerleaders at the time she made her recommendation to Guess. Furthermore, Plaintiff's contract was renewed for the 2016-17 year despite this allegation.

10.     The cheer that allegedly caused complaints was a standard cheer that had been performed without objection prior to the basketball game on November 29, 2016. Plaintiff's cheer team had performed the cheer throughout the 2016 football season and at two pep assemblies, at least one which was right in front of Bailey. Once Plaintiff was informed of this alleged criticism, she discontinued the cheer at all remaining sporting events for 2016-17.

11.     Defendant treated Plaintiff worse than a similarly-situated white cheerleading coach. In 2013-14, Plaintiff was co-head coach of the Robinson cheer team with Amber Populis, a white female. Plaintiff became aware that Populis instructed the cheer team to perform a highly inappropriate routine based upon a controversial video by the rapper Nicki Minaj. Plaintiff complained to Bailey about Populis's routine, yet Bailey laughed off the criticism and took no action against Populis.

12.     On October 12, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that her contract was not renewed on account of her race. *Exhibit 1*. On October 20, 2017, the EEOC issued a Dismissal and Notice of Rights to Plaintiff regard this charge. *Exhibit 2*.

### III.     Plaintiff's Race Discrimination Claim

13.     Plaintiff re-alleges and incorporates Paragraphs 1-12.

14. Because Plaintiff's supplemental coaching contract was not renewed because of her race, Defendant violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000(e)), and the Equal Protection Clause of the Fourteenth Amendment (as enforced by 42 U.S.C. § 1983). The PCSSD Board ratified the discriminatory conduct of Bailey and Guess.

15. Plaintiff suffered lost wages and embarrassment and humiliation from the non-renewal of her cheer and dance contract.

WHEREFORE, Plaintiff respectfully prays for the following relief:

(a) back pay;

(b) renewal of her dance and cheer coach contract;

(c) compensatory damages;

(c) other injunctive and declaratory relief; and

(d) attorney's fees and costs.

Respectfully submitted,

John W. Walker, P.A.
1723 Broadway
Little Rock, Arkansas  72206
501-374-3758
501-374-4187 (facsimile)
Email: schilds@gabrielmail.com

_____
John W. Walker
Bar No. 64046
Shawn G. Childs,
Bar No. 99058